UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE ANN JAPAK,
and TODD JAPAK,

    Plaintiff,

v.

    Case No.: 20-CV-1576

TARGET CORPORATION,
d/b/a TARGET,

    Defendant.
_____/

**DEFENDANT TARGET CORPORATION'S
NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

Defendant Target Corporation ("Target"), through undersigned counsel, pursuant to 28 U.S.C. §1446 and Rule 4.02, Local Rules for the Middle District of Florida, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

In support of its removal, Target states as follows:

1. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C §1332(a)(1).

2. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

3. This is a civil matter over which this Court has original jurisdiction because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. On June 25, 2019, Plaintiffs Lee Ann Japak and Todd Japak filed a lawsuit in the Sixth Judicial Circuit Court for Pasco County, Florida, captioned *Lee Ann Japak and Todd Japak v. Target Corporation d/b/a Target*, Case No.: 19-CA-2193ES.

5. On August 2, 2019, Plaintiffs' Summons and Complaint were served upon Target through its registered agent.

6. The case stated by the initial pleading was not removable in that the Complaint alleged the action was for "damages which exceed[] Fifteen Thousand Dollars". Complaint at ¶1.

7. However, on June 11, 2020, Defendant received other paper from which it was first ascertained that the case is one which has become removable. Specifically, Plaintiff produced medical records to Defendant, which reflected that Plaintiff underwent significant back surgery.

8. This Notice of Removal is timely because it is filed within thirty days after receipt by Defendant of a copy of an other paper from which it was first ascertained that the case is one which has become removable.

**AMOUNT IN CONTROVERSY**

9. The matter in controversy in this civil action exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Plaintiffs filed suit against Target after Mrs. Japak slipped and fell in a Target store. See Complaint at ¶6. As a derivative claim to Mrs. Japak's, Mr. Japak seeks damages for loss of consortium. See Complaint at ¶10.

11. Mrs. Japak alleges that she:

> suffered bodily injury resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Complaint at ¶9.

12. In her Amended Answers to Interrogatories, No. 11, (served Nov. 21, 2019), Mrs. Japak listed 15 medical providers. At that time, total medical expenses were $30,401.70, but she was still awaiting billing information from seven of the 17 medical providers. According to Plaintiff:

| MEDICAL PROVIDER | AMOUNT BILLED |
|---|---|
| Xxx Medical Center | $5,031.00 |
| Xxx Radiology Centers | $1,300.00 |
| Xxx Wellness Chiro | $10,503.00 |
| Xxx Wellness | $5,045.00 |
| Xxx Radiology | $4,400.00 |
| Xxx Orthopaedic Institute | $444.00 |
| Xxx Xxx Spine | $2,750.70 |
| Xxx Xxx Florida | Requested |
| Dr. Xxx Xxx | Requested |
| Dr. Xxx Xxx | Requested |
| Xxx Institute | $928.00 |
| Xxx Xxx of Florida | Requested |
| Dr. Xxx Xxx (Dallas, Texas) | Requested |
| Xxx Medical Center | Requested |

| Xxx Xxx Surgery Center | Requested |
|---|---|
| TOTALS: | $30,401.70 |

13. Medical records produced by Plaintiff to Defendant on June 11, 2020 - from Dr. Xxx Xxx (*Dallas, Texas*) - revealed that Plaintiff has undergone surgery involving her sacral spine, including laminectomies at multiple levels (S1-S3). See Operative Report attached hereto as **Exhibit A.**[1]

14. Also, in answer to Target's interrogatory regarding alleged lost income and earning capacity, Mrs. Japak, age 45[2], stated it is "nearly impossible to work" because of constant pain:

> **Interrogatory No. 12:**
>
> Does Plaintiff contend that Plaintiff has lost any income, benefits or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits or earning capacity and the amount and the method used in computing the amount.
>
> **Answer:**
>
> Due to the fall, it has made it nearly impossible to work because of the constant pain I have on my lower back & pelvic area.

Plaintiff's Answers to Interrogatories and Amended Answers to Interrogatories are attached hereto as **Composite Exhibit B**.

---

[1] Despite efforts, Plaintiffs have been unable to secure the billing records from Dr. Xxx Xxx (*Texas*) to date.
[2] Mrs. Japak's date of birth is 10/xx/1974. *See* Exhibit A.

15. According to the Social Security Administration's Retirement & Survivors Benefits: Life Expectancy Calculator, Plaintiff has another 21 years before reaching full retirement age of 67.[3]

16. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (*citing Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id*.

---

[3] https://www.ssa.gov/cgi-bin/longevity.cgi

17. Although Target denies that Plaintiffs are entitled to any monetary relief whatsoever, based on the foregoing information, Target believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Target's good faith belief is based upon Mrs. Japak's interrogatory answers, medical documentation provided in discovery, Plaintiff's alleged past medical expenses, and Plaintiffs' allegations in their Complaint. Therefore, this Court has jurisdiction over this case. *See* 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

18. This civil matter is between citizens of different States.

19. Plaintiffs are citizens of Pasco County. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

20. Plaintiffs allege that they are "residents of Pasco County, Florida." (Complaint, at ¶ 2). Further, Interrogatories (No. 3) answered by Mrs. Japak asserts that Plaintiffs' home address is in Pasco County, Florida and has been for at least the past ten (10) years. *See* Composite Exhibit A. Additionally, Mrs. Japak's places of employment are in Pasco County, Florida as stated in her initial Answers to Interrogatory (No. 2). *See id*.

21. Target is a citizen of the State of Minnesota. Specifically, Target is incorporated in Minnesota, and its principal place of business is in Minneapolis, Minnesota. *See* Affidavit of Daniel Moore, attached hereto as **Exhibit C**.

22. At no time material to this action were Plaintiffs and Defendant citizens of the same state. Accordingly, diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a)(1).

## PROCEDURAL COMPLIANCE

23. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State court in this action are attached as **Composite Exhibit D**.

24. As required by 28 U.S.C. § 1446(d), written notice of removal of this civil action has been given to Plaintiffs and filed with the clerk of court for the Sixth Judicial Circuit Court for Pasco County, Florida.

WHEREFORE, Defendant Target Corporation notices the removal of the action now pending against it in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida (Case No.: 19-CA-2193ES), to the United States District Court for the Middle District of Florida, Tampa Division, and respectfully requests this Honorable Court to exercise jurisdiction over this matter.

Respectfully submitted

/s/ Sherilee J. Samuel
John L. Holcomb (FBN: 296139)
Trial Counsel
Sherilee J. Samuel (FBN 17499)
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL 33601-2231
phone: 813-221-3900
fax:    813-221-2900
e-mail:  john.holcomb@hwhlaw.com
email:  sherilee.samuel@hwhlaw.com

Attorneys for Defendant, Target Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2020, the forgoing was filed using the CM/ECF system, which will send e-mail notification of such filing to: Anthony J. Gonzalez, Jr., Esquire, of Byrd & Gonzalez, P.A., and Michael G. Butash, Esquire, of Butash & Donovan, LLC, Attorneys for Plaintiff.

/s/ Sherilee J. Samuel
Hill, Ward & Henderson, P.A.
Attorneys for Defendant, Target Corporation

14184022v1