IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

LEE ANN JAPAK,
And TODD JAPAK,
    Plaintiffs,

CASE NO.:
DIVISION:

vs.

TARGET CORPORATION
d/b/a TARGET,
    Defendant.
_____/

## COMPLAINT

Plaintiffs, LEE ANN JAPAK and TODD JAPAK, hereby sues Defendant, TARGET CORPORATION d/b/a TARGET, herein after referred to as Defendant and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages which exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of costs.

2. At all times material hereto, Plaintiffs are persons over the age of eighteen, were and are residents of Pasco County, Florida.

3. At all times material hereto, Defendant was and is a Florida Limited Liability Company registered and licensed to do business as Busch Gardens Tampa, located at 120 Bruce B. Downs Blvd., Wesley Chapel, Pasco County, Florida.

4. Venue is appropriate in Pasco County, Florida because Defendant, has or usually keeps and office for transaction of its customary business in Pasco County, and the cause of action arose in Pasco County.

5. On or about June 26, 2016, Plaintiffs entered on to the Defendant's premise lawfully, as a guest and business invitees,

6. Plaintiff, LEE ANN JAPAK, while shopping in Defendant's store slipped and fell on water which had accumulated on the floor.

7. Defendant owed a duty of care to Plaintiff to maintain its premises in a reasonably safe condition, and to correct and warn of any dangerous conditions, which it had actual or constructive knowledge of.

## COUNT I

Plaintiff, LEE ANN JAPAK, sues Defendant and incorporates herein by reference the allegations of paragraphs 1 through seven (7) above.

8. That Defendant breached its duty of care to Plaintiff in the following manner:

   a. Failing to properly maintain its aisles and walkways free of liquids, defects and damage, thereby creating a hazardous and dangerous condition for patrons, invitees and persons lawfully on property.

   b. Failing to properly maintain the interior walkways and aisles.

   c. Failing to warn of the dangerous conditions which it knew or should have known by the exercise of reasonable care, by placing warning signs, safety cones, or similar notifications warning of the dangerous condition.

   d. Failing to place safety devices around the area affected by the dangerous conditions, thereby protecting patrons, invitees and persons lawfully on the premises.

   e. In allowing the dangerous condition to remain for an unreasonable length of time, and in failing to make reasonable, proper and timely inspections of its premises.

   f. In failing to correct the dangerous condition which it knew about or should have known through the exercise of proper care, in accordance with the duty owed to its patrons, invitees and persons lawfully on its premises.

9. As a result of the breach of due care by the Defendant, Plaintiff, LEE ANN JAPAK, suffered bodily injury resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, LEE ANN JAPAK, demands judgment for damages against Defendant, TARGET CORPORATION d/b/a TARGET, for damages, costs, in an amount in excess of Fifteen Thousand ($15,000.00) Dollars, and any other relief this Court may deem appropriate.

FURTHER, Plaintiff, LEE ANN JAPAK demands a trial by jury as to all issues so triable as a matter of right.

## COUNT II

Plaintiff, TODD JAPAK, sues Defendant and incorporates herein by reference the allegations of paragraphs 1 through 9.

At all times material hereto, Plaintiffs, LEE ANN JAPAK and TODD JAPAK, were husband and wife.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff, TODD JAPAK, lost the care, comfort, society, consortium, companionship and services of his spouse Plaintiff, LEE ANN JAPAK. Plaintiff, TODD JAPAK, has been injured thereby, is entitled to recover against Defendant, for his losses.

WHEREFORE, Plaintiff, TODD JAPAK, demands judgment against Defendant, TARGET CORPORATION d/b/a TARGET for damages, for damages, costs, in an amount in excess of Fifteen Thousand ($15,000.00) Dollars, and any other relief this Court may deem appropriate.

FURTHER, Plaintiff demands a trial by jury as to all issues so triable as a matter of right.

WE HEREBY CERTIFY, that the foregoing has been electronically filed by EPORTAL the Clerk of Court, on this 25TH day of June, 2019.

BYRD & GONZALEZ, P.A.
1915 N Howard Ave.
Tampa, Florida 33607
Telephone: (813) 281-8801
Fax: (813) 281-8701
Email: anthony@bgpalaw.com
Secondary: maria@bgpalaw.com
Attorneys for Plaintiff

/S/ Anthony J. Gonzalez, Jr.

Anthony J. Gonzalez, Jr., Esq.
FBN: 602299

BUTASH & DONOVAN, LLC
23554 State Road 54
Lutz, FL 33559
Telephone: (813) 341-2232
Fax: (813) 341-2233
E-Service: e-ile@butashanddonovan.com
E-Mail: mike@butashanddonovan.com
Attorney for PLAINTIFF

/S/ Michael G. Butash

Michael G. Butash, Esq.
FBN:   011582